UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JASON CARR and BRUCE CARR as Guardians )
of the Person and Estate of JOYCE E. CARR, )
a disabled adult, )
          Plaintiffs, )
   )
-vs.- ) Case No: 3:18-cv-3002
   )
TARGET CORPORATION, a/k/a TARGET )
STORES, a foreign corporation, )
   )
          Defendant. )

## NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, notice is given as follows:

1. Defendant Target Corporation removes this action from the Seventh Judicial Circuit for Sangamon County, Illinois (the "State Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. In support of this Notice, Defendant states as follows:

## BACKGROUND

2. On November 3, 2017 Plaintiffs filed their Complaint in the Circuit Court for the Seventh Judicial Circuit for Sangamon County, Illinois against Defendant Target Corporation, as Case No. 17-L-251 (the "State Court Action").

3. In the Complaint, Plaintiffs allege that Defendant's employee "proceeded to drive a fork lift or other motorized piece of equipment into the path of travel of Joyce E. Carr and as a consequence of the actions . . . Joyce E. Carr fell and was knocked backwards and sustained injuries." Compl. ¶ 6. A copy of all pleadings, orders, and other documents on file in the state court is attached hereto as "Exhibit A."

1

4. As a result of this fall, Plaintiffs allege that Joyce E. Carr "sustained bodily injuries and conditions related thereto . . . was caused to endure great pain and suffering . . . was caused to lose her ability to engage in a normal life . . . [and] was caused to expend large sums of money in the care and treatment of her injuries." Compl. ¶ 12. Plaintiffs further allege that they sustained damage in a sum in excess of $50,000. *Id*.

5. On December 4, 2017, Defendant was served with the State Court Action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The Circuit Court for the Seventh Judicial Circuit for Sangamon County, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Central District of Illinois. *See* 28 U.S.C. § 105(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

7. Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendant has contemporaneously filed a copy of this Notice of Removal with the clerk of the Circuit Court for the Seventh Judicial Circuit for Sangamon County, and will serve a copy of the same upon plaintiff's counsel. *See* Notice of Filing of Notice of Removal, attached hereto as "Exhibit B."

8. As noted above, pursuant to 28 U.S.C. § 1446(a), a full copy of the State Court file—including all process, pleadings, and orders that have been served upon Defendant—is attached as Exhibit A.

## DIVERSITY OF CITIZENSHIP EXISTS

9. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

*The Parties Are Citizens of Different States*

10. According to their Complaint, Plaintiffs were appointed Guardians of the person and estate of Joyce E. Carr in Sangamon County, Illinois. Compl. ¶ 13.

11. Upon information and belief, Plaintiffs and Joyce E. Carr are residents of Illinois. Accordingly, neither Plaintiffs nor Joyce E. Carr are residents of Minnesota.

12. Defendant Target is a corporation organized under the laws of the state of Minnesota, with its principal place of business at 100 Nicollet Mall, Minneapolis, Minnesota. *See* U.S. Securities and Exchange Commission Form 10-K of Target Corporation, attached hereto as Exhibit C.

13. Thus, based on the information available, diversity is complete as all Plaintiffs reside in a different state than Defendant, and this Court has subject matter jurisdiction over this matter.

### *The Amount in Controversy Exceeds $75,000*

14. Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests in its case against Defendant.

15. The proper analysis in deciding whether the amount in controversy exceeds $75,000 is determining "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Sargent v. Cassens Corp.*, 2007 WL 1673289, *9 (S.D. Ill. June 7, 2007) (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)). Defendant need only meet this burden by "a preponderance of the evidence." *Id*. (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). "Once the facts have been established, . . . [o]nly if it is legally certain that the recovery . . . will be less than the jurisdictional floor" may the case be remanded. *Id*. (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th

Cir. 2006)). Put simply, "removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

16.     As a result of Joyce E. Carr's alleged injuries, Plaintiffs seek unspecified damages in excess of $50,000.00. *See* Ex. A. Because of the alleged severity of the injuries described by Plaintiffs, including allegations of past and future medical expenses, past and future pain and suffering and loss of normal life, it is readily apparent that the damages claimed by Plaintiffs exceed $75,000.00. In some cases, serious allegations are sufficient alone to put the defendant on notice that the amount in controversy exceeds $75,000. *See Bailey v. ConocoPhillips Co.*, Case No. 06-677-JLF, 2006 U.S. Dist. LEXIS 87653 at *12 - *13 (S.D. Ill. December 4, 2006)(citing several such cases).

17.     When a plaintiff's complaint does not specifically state the amount in controversy, defendants can point to relevant evidence to satisfy their burden of establishing an amount in controversy greater than $75,000.00. *See id.* at *8 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). In this case, Plaintiffs' attorney has been in contact with Target's claims management service, verbally stating that Plaintiff had incurred in excess of $20,000.00 in medical bills. This large amount of medical bills in combination with Plaintiffs' allegations that Joyce E. Carr has suffered past and future pain and suffering, past and future expense for treatment and loss of normal life are sufficient to demonstrate that the amount in controversy exceeds $75,000. *See Walker v. Casey's Gen. Stores, Inc.*, No. 07-3229, 2008 U.S. Dist. LEXIS 5886 at *4 - *5 (C.D. Ill. Jan. 28, 2008)(holding that removal was proper when the plaintiff sought to recover $27,450.60 in medical bills and other unstated amounts including great physical pain and suffering for a broken arm suffered in a trip-and-fall accident).

18.     Because (i) there is diversity of citizenship between the parties and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332. Accordingly, Target is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the Central District of Illinois.

**CONCLUSION**

19.     For these reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed from the Illinois Seventh Judicial Circuit for Sangamon County and brought before the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant Target Corporation gives notice that the action styled *Jason Carr and Bruce Carr as Guardians of the Person and the Estate of Joyce E. Carr, a disabled adult v. Target Corporation a/k/a Target Stores* in the Seventh Judicial Circuit for Sangamon County, Case No. 17-L-251, is removed to the United States District Court for the Central District of Illinois and requests that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**DEFENDANT FURTHER REQUEST A TRIAL BY JURY ON ALL COUNTS OF PLAINTIFFS' COMPLAINT.**

HEPLERBROOM, LLC

By:      */s/ Jessica L. Galanos*

Jessica L. Galanos, #6297491
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Ph:     217-528-3674
Fax:    217-528-3964
Email: jlg@heplerbroom.com
*Attorneys for Defendant*

**PROOF OF SERVICE**

I hereby certify that I electronically filed on this 2nd day of January, 2018, the foregoing with the Clerk of the Court using the CM/ECF and I hereby certify that I mailed by United States Postal Service, a copy of the document this 2nd day of January, 2018 to:

Dawn L. Wall, Esq.
Costigan and Wollrab, P.C.
30 East Washington Street
Bloomington, IL  61701
dwall@cwlawoffice.com
*Attorneys for Plaintiffs*

                                                                     */s/ Jessica L. Galanos*