** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
3:18-cv-03002-SEM-TSH    # 1-1    Page 1 of 10
TIME RECEIVED              REMOTE CSID          DURATION    PAGES   STATUS    E-FILED
December 8, 2017 4:48:41 PM EST   Target Stores   295       10      Received  Tuesday, 02 January, 2018 02:55:06 PM
2017-12-08 15:44           Target Stores        2178019499 >>       yyyy    P 1/10
                                                                             Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF SANGAMON

JASON CARR and BRUCE CARR as          )
Guardians of the Person and the Estate of )
JOYCE E. CARR, a disabled adult,      )
                                      )
            Plaintiffs,               )
                                      )
      vs.                             )    Case No. 17 L 251
                                      )
TARGET CORPORATION, a/k/a             )
TARGET STORES, a foreign corporation, )
                                      )
            Defendant.                )

## SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Room 404 Law and Justice Center, Bloomington, Illinois within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

WITNESS PAUL PALAZZOLO, the Clerk of the Circuit Court and the seal thereof at Springfield, Illinois.   Nov 03 2017 04:14PM

This summons must not be served later than 30 days after its date.

PAUL PALAZZOLO, Clerk of the Circuit Court

Plaintiff's Atto_____ Wall                    /s/ Paul Palazzolo                     , 2017
Address: 308 _____ Street                     _____
City: Bloomin____                             Clerk of Court
Telephone: (309) 828-4310
            (Seal of Court)           By  _____
                                                        Deputy

                                      Date of Service _____
                                      (To be inserted by officer on copy left with
                                      defendant or other person).

**EXHIBIT A**

## SHERIFF'S FEES

Service and return . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Miles _____ . . . . . . . . . . . . . . . $ _____

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

_____
Sheriff of _____ County

I certify that I served this summons by leaving a copy there of together with a copy of the complaint and a copy of each of the following documents: _____
_____ on the defendant as follows

(a)   (Individual defendants – personal):
By leaving a copy with each individual defendant personally, as follows:

    Name of Defendant           Date of Service

(b)   (Individual Defendants – abode):
By leaving a copy at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage prepaid, addressed to each individual defendant at his usual place of abode, as follows:

    Name of Defendant    Person With Whom Left    Date of Service  Date of Mailing

(c)   (Corporation Defendants):
By leaving a copy with the registered agent, officer or agent of each defendant corporation, as follows:

    Defendant Corporation    Registered Agent, Officer or Agent    Date of Service

(d)   (Other Service):

```
Sheriff of _____ County
By     _____ Deputy
```

**Electronically Filed**
Nov 03 2017 03:46PM
Paul Palazzolo
Clerk of the Circuit Court
Case Number: 2017L 000251
Transaction ID: 61319781

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

COUNTY OF SANGAMON

| | |
|---|---|
| JASON CARR and BRUCE CARR as Guardians of the Person and the Estate of JOYCE E. CARR, a disabled adult, | ) ) ) ) **JURY DEMAND** |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 17 L 251 |
| TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation, | ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JASON CARR and BRUCE CARR, as Guardians of the Person and the Estate of JOYCE E. CARR, a disabled adult, by and through their attorneys, Costigan & Wollrab, P.C., and complaining against Defendant, TARGET CORPORATION a/k/a TARGET STORES, a foreign corporation, hereby state as follows:

1. On November 4, 2015, and at all times pertinent, the Defendant, TARGET CORPORATION a/k/a TARGET STORES, (hereafter referred to herein as "TARGET") was a duly licensed foreign corporation, existing pursuant to the laws of the State of Minnesota and licensed to conduct business in the State of Illinois.

2. On November 4, 2015, TARGET owned, operated, controlled and or maintained

1

certain premises commonly known as TARGET, located at Springfield, Sangamon County, Illinois (hereafter "TARGET Store").

3. On November 4, 2015, and at all times pertinent, TARGET employed agents and employees of TARGET, including but not limited to stock personnel, cashiers, and other agents of TARGET that were operating equipment in the TARGET Store, including but not limited to motorized fork lifts and other similar equipment, for the purpose of moving pallets and other inventory and products in and around the TARGET Store.

4. That on November 4, 2015, JOYCE E. CARR went to the TARGET Store with the intent of shopping for products located at the TARGET Store.

5. That upon JOYCE E. CARR's arrival at the entrance of the TARGET Store she proceeded into an area of the TARGET Store where the shopping carts were located and grabbed a shopping cart in order to proceed with her planned shopping excursion.

6. That as JOYCE E. CARR was retrieving her cart and preparing to proceed with her shopping excursion, an employee or agent of TARGET Store proceeded to drive a fork lift or other motorized piece of equipment into the path of travel of JOYCE E. CARR and as a consequence of the actions and omissions of that employee or agent of TARGET, JOYCE E. CARR's foot and lower extremity became entangled in the cart wheels and mechanicals of the motorized equipment being driven by the employee or agent of TARGET, and a consequence of the foregoing, JOYCE E. CARR fell and was knocked backwards and sustained injuries.

7. That the actions of the employee(s) or agent(s) of TARGET in operating motorized equipment in close proximity to patrons of TARGET Store, including JOYCE E. CARR, in a manner that exposed patrons walking into the entrance area of TARGET Store to the risk of encountering a motorized piece of equipment in the vicinity of the shopping cart area created an unreasonable risk of

2

harm to those lawfully on the premises, including JOYCE E. CARR.

8. That on November 4, 2015, and at all times pertinent, TARGET knew or in the exercise of reasonable care should have known that allowing employees and or agents of TARGET to operate motorized equipment in such a manner and in such a location that it allowed for the employee and or agent of TARGET to collide with JOYCE E. CARR at the entranceway to the TARGET Store in an area of the TARGET Store designated for patrons to procure shopping carts created an unreasonable risk of harm to those lawfully on the premises, including JOYCE E. CARR.

9. That on November 4, 2015, and at all times pertinent, TARGET knew or in the exercise of reasonable care should have known that the operation of motorized equipment in and around the TARGET Store by employees and or agents of TARGET required specialized care and training so as to insure that said employees and or agents of TARGET did not collide with or otherwise impede the safe ingress and egress of patrons arriving at the TARGET Store and securing shopping carts from the shopping cart area.

10. That on November 4, 2015, TARGET owed a duty to all patrons lawfully on its premises, including to patron, JOYCE E. CARR, to refrain from actions or omissions posing an unreasonable risk of harm to patrons lawfully on the premises, including JOYCE E. CARR.

11. At the aforesaid time and place, in breach of its obligations and duties owed to JOYCE E. CARR, TARGET by and through its employees and or agents, committed one or more of the following negligent acts and/or omissions:

    a. Caused a hazardous condition to exist on the premises by allowing employees and or agents of TARGET to operate motorized equipment in the vicinity of the area where patrons, including JOYCE E. CARR, entered the TARGET Store for the purpose of procuring a shopping cart to proceed with a shopping excursion;

    b. Failed to warn patrons entering into the TARGET Store, including JOYCE E. CARR, that employees and or agents of TARGET were operating motorized

3

       equipment in the entranceway of the TARGET Store and in the vicinity of the shopping cart area of the TARGET Store;

    c. Failed to properly train its employees and or agents in the careful operation of motorized equipment in the vicinity of the area where patrons, including JOYCE E. CARR, were procuring shopping carts;

    d. Failed to properly train its employees and or agents to avoid colliding with patrons of the TARGET Store lawfully on the premises, including JOYCE E. CARR;

    e. Failed to properly provide barricades or other acceptable demarcation signs around areas where employees or agents of TARGET were stocking and or moving and or transporting products on pallets and or moving or transporting products in the TARGET Store;

    f. Failed to properly inspect its premises to detect the presence of the hazardous conditions asserted herein on its premises; and

    g. Otherwise allowed conditions to exist in its TARGET Store that exposed patrons lawfully in the TARGET Store, including JOYCE E. CARR, to an unreasonable risk of harm resulting in injuries incurred by JOYCE E. CARR.

12. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of TARGET, JOYCE E. CARR sustained bodily injuries and conditions related thereto; JOYCE E. CARR was caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; JOYCE E. CARR is at increased risk of future injury; JOYCE E. CARR was caused to lose her ability to engage in a normal life; JOYCE E. CARR was required to expend large sums of money in the care and treatment of her injuries; JOYCE E. CARR was caused to incur out-of-pocket expenses; and JOYCE E. CARR has been precluded from engaging in her normal affairs and activities of daily living, all to her detriment. As a consequence of the foregoing, JOYCE E. CARR has sustained damages in a sum in excess Fifty Thousand and 00/100s Dollars ($50,000.00).

13. That on or about May 11, 2016, JASON CARR and BRUCE CARR were named

4

as Guardians of the Person and the Estate of JOYCE E. CARR in Sangamon County Case No. 16 P 80. As a result of the appointment of JASON CARR and BRUCE CARR as the Guardians of the Person and the Estate of JOYCE E. CARR, a disabled person, JASON CARR and BRUCE CARR bring this action on behalf of and for the benefit of JOYCE E. CARR, a disabled adult.

WHEREFORE, the Plaintiffs, JASON CARR and BRUCE CARR as the Guardians of the Person and the Estate of JOYCE E. CARR, hereby pray judgment be entered in favor of JASON CARR and BRUCE CARR as the Guardians of the Person and the Estate of JOYCE E. CARR and against the Defendant, TARGET CORPORATION, a/k/a Target Stores, a foreign corporation, in a sum in excess of Fifty Thousand and 00/100s Dollars ($50,000.00), plus costs of suit and further pray for such other and further relief as this Court deems equitable and proper.

**PLAINTIFFS DEMAND A TRIAL BY A JURY OF TWELVE.**

          JASON CARR and BRUCE CARR as the Guardians
          of the Person and the Estate of JOYCE E. CARR, a
          disabled adult, Plaintiffs,

          BY: COSTIGAN & WOLLRAB P.C.,

          /s/ Dawn L. Wall
          By:_____
          Dawn L. Wall, one of their attorneys

Ms. Dawn L. Wall
Bar No: 6196948
Attorney for Plaintiffs
Costigan and Wollrab, P.C.
308 East Washington Street
Bloomington, IL 61701
Phone: 309-828-4310
dwall@cwlawoffice.com

5

**Electronically Filed**
Nov 03 2017 03:46PM
Paul Palazzolo
Clerk of the Circuit Court
Case Number: 2017L 000251
Transaction ID: 61319781

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF SANGAMON

JASON CARR and BRUCE CARR as )
Guardians of the Person and the Estate of )
JOYCE E. CARR, a disabled adult, )
)
Plaintiff, )
)
vs. ) Case No. 17 L 251
)
TARGET CORPORATION, a/k/a )
TARGET STORES, a foreign corporation, )
)
Defendant. )

## RULE 222 AFFIDAVIT

The undersigned, Dawn L. Wall of Costigan & Wollrab, PC, attorneys for Plaintiffs, JASON CARR and BRUCE CARR as Guardians of the Person and the Estate of JOYCE E. CARR, having been sworn on oath, does hereby state that pursuant to Illinois Supreme Court Rule 222 the total of money damages sought in this cause is in excess of $50,000.00.

FURTHER, AFFIANT SAYETH NOT.

_____
Dawn L. Wall

Subscribed and sworn to before me

This 3rd day of November, 2017

_____
Notary Public

Ms. Dawn L. Wall, Bar No. 6196948
308 E. Washington St.
Bloomington, IL 61701
Phone: 309-828-4310
dwall@cwlawoffice.com

OFFICIAL SEAL
REANN GIBSON
Notary Public, State of Illinois
My Commission Expires 05/14/2021

Electronically Filed
Nov 03 2017 03:46PM
Paul Palazzolo
Clerk of the Circuit Court
Case Number: 2017L 000251
Transaction ID: 61319781

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF SANGAMON

JASON CARR and BRUCE CARR as          )
Guardians of the Person and the Estate of  )
JOYCE E. CARR, a disabled adult,      )
                                      )
    Plaintiffs,                        )
                                      )
vs.                                   )   Case No. 17 L 251
                                      )
TARGET CORPORATION, a/k/a             )
TARGET STORES, a foreign corporation, )
                                      )
    Defendant.                         )

### JURY DEMAND

NOW COMES the Plaintiffs, JASON CARR and BRUCE CARR as Guardians of the Person and the Estate of JOYCE E. CARR, a disabled adult, and hereby demand a trial by a jury of twelve persons in this cause.

          JASON CARR and BRUCE CARR as the
          Guardians of the Person and the Estate of JOYCE
          E. CARR, a disabled adult, Plaintiffs,

          BY: COSTIGAN & WOLLRAB P.C.,

            /s/ Dawn L. Wall
          By:_____
            Dawn L. Wall, one of their attorneys

Ms. Dawn L. Wall, Bar No. 6196948
Costigan & Wollrab, P.C.
308 E. Washington St.
Bloomington, IL 61701
Phone: 309-828-4310
dwall@cwlawoffice.com