E-FILED
Wednesday, 03 January, 2018  10:35:23 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON CARR AND BRUCE CARR as Guardians )<br>Of the Person and Estate of JOYCE E. CARR, )<br>A disabled adult, )<br>          Plaintiffs, )<br>         )<br>-vs.- )<br>         )<br>TARGET CORPORATION, a/k/a TARGET )<br>STORES, a foreign corporation, )<br>         )<br>         Defendant. )  | Case No: 3:18-cv-3002-SEM-TSH<br><br>**DEFENDANT DEMANDS A**<br>**TRIAL BY JURY** |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant Target by and through their undersigned attorneys and for their Answer to Plaintiff's Complaint state as follows:

1.       On November 4, 2015, and at all times pertinent, the Defendant TARGET CORPORATION a/k/a TARGET STORES, (hereafter referred to herein as "TARGET") was a duly licensed foreign corporation, existing pursuant to the laws of the State of Minnesota and licensed to conduct business in the State of Illinois.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 1.**

2.       On November 4, 2015, TARGET owned, operated, controlled and or maintained certain premises commonly known as TARGET, located at Springfield, Sangamon County, Illinois (hereafter "TARGET Store").

**ANSWER:**    **Defendant admits that it owns and operates a Target store in Springfield, Illinois.**

3.       On November 4, 2015, and at all times pertinent, TARGET employed agents and employees of TARGET, including but not limited to stock personnel, cashiers, and other agents of

TARGET that were operating equipment in the TARGET Store, including but not limited to motorized fork lifts and other similar equipment, for the purpose of moving pallets and other inventory and products in and around the TARGET Store.

**ANSWER:    Defendant admits the allegations contained in paragraph 3.**

4.       That on November 4, 2015, Joyce E. Carr went to the TARGET Store with the intent of shopping for products located at the TARGET Store.

**ANSWER:    Defendant does not have sufficient information to admit or deny this allegation at this time and therefore denies the same.**

5.       That upon Joyce E. Carr's arrival at the entrance of the TARGET Store she proceeded into an area of the TARGET Store where the shopping carts were located and grabbed a shopping cart in order to proceed with her planned shopping excursion.

**ANSWER:    Defendant does not have sufficient information to admit or deny this allegation at this time and therefore denies the same.**

6.       That as Joyce E. Carr was retrieving her cart and preparing to proceed with her shopping excursion, an employee or agent of TARGET Store proceeded to drive a fork lift or other motorized piece of equipment into the path of travel of Joyce E. Carr and as a consequence of the actions and omissions of that employee or agent of TARGET, Joyce E. Carr's foot and lower extremity became entangled in the cart wheels and mechanicals of the motorized equipment being driven by the employee or agent of TARGET, and a consequence of the foregoing, Joyce E. Carr fell and was knocked backwards and sustained injuries.

**ANSWER:    Defendant denies the allegations contained in paragraph 6.**

7.       That the actions of the employee(s) or agent(s) of TARGET in operating motorized equipment in close proximity to patrons of TARGET Store, including Joyce E. Carr, in a manner that exposed patrons walking into the entrance area of TARGET Store to the risk of encountering

a motorized piece of equipment in the vicinity of the shopping cart area created and unreasonable risk of harm to those lawfully on the premises, including Joyce E. Carr.

**ANSWER:     Defendant denies the allegations contained in paragraph 7.**

8.      That on November 4, 2015, and at all times pertinent, TARGET knew or in the exercise of reasonable care should have known that allowing employees and or agents of TARGET to operate motorized equipment in such a manner and in such a location that it allowed for the employee and or agent of TARGET to collide with Joyce E. Carr at the entranceway to the TARGET Store in an area of the TARGET Store designated for patrons to procure shopping carts created and unreasonable risk  of harm to those lawfully on the premises, including Joyce E. Carr.

**ANSWER:     Defendant denies the allegations contained in paragraph 8.**

9.      That on November 4, 2015, and at all times pertinent, TARGET knew or in the exercise of reasonable care should have known that the operation of motorized equipment in and around the TARGET Store by employees and or agents of TARGET did not collide with or otherwise impede the safe ingress and egress of patrons arriving at the TARGET Store and securing shopping carts from the shopping cart area.

**ANSWER:     Defendant denies the allegations contained in paragraph 9.**

10.      That on November 4, 2015, TARGET owed a duty to all patrons lawfully on its premises, including patron, Joyce E. Carr, to refrain from actions or omission posing an unreasonable risk of harm to patrons lawfully on the premises, including Joyce E. Carr.

**ANSWER:     Defendant objects to this allegations as it contains legal conclusions rather than fact as required by Illinois and federal rules.  To the extent that this allegation requires a further response, Defendant denies the same.**

11.    At the aforesaid time and place, ion breach of its obligations and duties owed to

Joyce E. Carr, TARGET by and through its employees and or agents, committed one or more of

the following negligent acts and/or omissions:

    a)   Caused  a hazardous condition to exist on the premises by allowing employees and/or agents of TARGET to operate motorized equipment in the vicinity of the area where patrons, including Joyce E. Carr, entered the TARGET Store for the purpose of procuring a shopping cart to proceed with a shopping excursion;

    b)   Failed to warn patrons entering into the TARGET Store, including Joyce E. Carr, that employees and or agents of TARGET were operating motorized equipment in the entranceway of the TARGET Store and in the vicinity of the shopping cart area of the TARGET Store;

    c)   Failed to properly train its employees and or agents in the careful operation of motorized equipment in the vicinity of the area where patrons, including Joyce E. Carr were procuring shopping carts;

    d)   Failed to properly train its employees and or agents to avoid colliding with patrons of the TARGET Store lawfully on the premises, including Joyce E. Carr;

    e)   Failed to properly provide barricades or other acceptable demarcation signs around areas where employees or agents of TARGET were stocking and or moving and or transporting products on pallets and or moving transporting products in the TARGET Store;

    f)   Failed to properly inspect its premises to detect the presence of the hazardous conditions asserted herein on its premises; and

    g)   Otherwise allowed conditions to exist in its TARGET Store that exposed patrons lawfully in the TARGET Store, including Joyce E. Carr, to an unreasonable risk of harm resulting in injuries incurred by Joyce E. Carr.

**ANSWER:    Defendant denies the allegations contained in paragraph 11, including all subparts thereto.**

12.    As a direct and proximate result of one or more of the aforesaid negligent acts

and/or omissions of TARGET. Joyce E. Carr sustained bodily injuries and conditions related

thereto; Joyce E. Carr was caused to endure great pain and suffering and will be caused to endure

great pain and suffering in the future; Joyce E. Carr is at increased risk of future injury; Joyce E.

Carr was caused to lose her ability to engage in a normal life; Joyce E. Carr was required to expend large sums of money in the care and treatment of her injuries; Joyce E. Carr was caused to incur out-of-pocket expenses and Joyce E, Carr has been precluded from engaging in her normal fairs and activities of daily living, all to her detriment.  As a consequence of the foregoing Joyce E. Carr has sustained damages in a sum in excess of Fifty Thousand and 00/100s Dollars ($50,000.00).

**ANSWER:     Defendant denies the allegations contained in paragraph 12.**

13.     That on or about May 11, 2016, Jason Carr and Bruce Carr were named as Guardians of the Person and the Estate of Joyce E. Carr in Sangamon County Case No. 16 P/ 80. As a result of the appointment of Jason Carr and Bruce Carr as the Guardians of the Person and the Estate of Joyce E. Carr, a disabled person, Jason Carr and Bruce Carr bring this action on behalf of and for the benefit of Joyce E. Carr, a disabled adult.

**ANSWER:     Defendant does not have sufficient information to admit or deny this allegation at this time and therefore denies the same.**

**WHEREFORE,** Defendant, Target Corporation, having fully answered Plaintiff's Complaint prays for Plaintiff's Complaint to be dismissed with prejudice, costs of suit, and any further relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Target reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's complaint, as well as its affirmative defenses, as information is gathered through discovery:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were solely the result of acts, omissions, and/or conduct of other persons over whom Target exercised no control. These acts and/or omissions constitute intervening and superseding causes for the damages allegedly sustained by Plaintiff. Plaintiff's alleged damages were not proximately caused by any acts, omissions, or conduct of Target, and Plaintiff is not entitled to recover any damages against Target.

## THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused by other persons over whom Target exercised no control and any damages claimed by Plaintiff must be diminished by the percentage that the contributory fault of such individuals bears to the total fault involved in the matters alleged in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

The acts and/or omissions of other individuals over whom Target exercised no control contributed to and caused the damages allegedly sustained by Plaintiff. Target's fault, if any, amounts to less than 25% of the total fault, and therefore, Target should be held severally, but not jointly, liable for its percentage of the total fault for Plaintiff's damages pursuant to 735 ILCS 5/2-1117.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's comparative fault, including but not limited to, failing to act in a reasonable manner consistent with regard to her own physical well-being and failing to keep a careful lookout

where she was walking, was the proximate cause of the occurrence complained of and Target is entitled to a proportionate reduction of any recovery by Plaintiff or a judgment in Target's favor if Plaintiff is found to be more than 50% at fault for her own alleged injuries and damages pursuant to 735 ILCS 5/2-1116.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's assumption of the risk was the proximate cause of the occurrence complained of and Target is entitled to a proportionate reduction of any recovery by Plaintiff or a judgment in Target's favor if Plaintiff is found to be more than 50% at fault for her own alleged injuries and damages pursuant to 735 ILCS 5/2-1116.

**SEVENTH AFFIRMATIVE DEFENSE**

Any judgment entered in favor of Plaintiff should be reduced by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiff for the injuries alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that any substance was present on the floor when Plaintiff allegedly fell, such substance was open and obvious, and Plaintiff failed to exercise reasonable care, despite the open and obvious condition and risk of harm presented by a wet substance on a smooth floor. Plaintiff's knowing encounter with such an open and obvious condition bars her claim.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred to the extent that she failed to mitigate her damages.

**WHEREFORE,** Defendant, Target Corporation, having fully answered Plaintiff's Complaint prays for Plaintiff's Complaint to be dismissed with prejudice, costs of suit, and any further relief the Court deems just and appropriate.

**DEFENDANT DEMANDS A TRIAL BY JURY**

HEPLERBROOM, LLC

By: _/s/ Jessica L. Galanos_

Jessica L. Galanos, #6297491
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Ph:      217-528-3674
Fax:    217-528-3964
Email: jlg@heplerbroom.com
*Attorneys for Defendant*

## PROOF OF SERVICE

I hereby certify that I electronically filed on this 3rd day of January, 2018, the foregoing with the Clerk of the Court using the CM/ECF and I hereby certify that I mailed by United States Postal Service, a copy of the document this 3rd day of January, 2018 to:

Dawn L. Wall, Esq.
Costigan and Wollrab, P.C.
30 East Washington Street
Bloomington, IL  61701
dwall@cwlawoffice.com
*Attorneys for Plaintiffs*

_/s/ Jessica L. Galanos_