IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON CARR and BRUCE CARR, as successor trustees and personal representatives of Joyce E. Carr, deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 18-cv-3002 |
| TARGET CORPORATION, | ) ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Target Corporation's (Target) Motion to Alter or Amend Order Allowing Motion of Successors in Interest to Plaintiff to be Substituted as Real Parties in Interest for Plaintiff Pursuant to F.R.C.P. 25(a)(1) (d/e 14) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

Jason Carr and Bruce Carr are successor trustees (Successor Trustees) of The (amended) Joyce E. Carr Living Trust dated March 7, 2005 (Trust). <u>Response of Successors in Interest to Plaintiffs in Opposition to the Motion of Defendant to Alter or Amend Order Allowing the Motion of Successors in Interest to Plaintiffs to Be Substituted as Real Parties in</u>

Interest Under FRCP 25(A)(1) (Response), Exhibit A, Trust § VII.B.  The Court allowed the Successor Trustees' motion (d/e 13) to be substituted in as the real party in interest in this case.  Target objects.  Target argues that the Successor Trustees will want to amend the claims in this action to bring an action under the Illinois Survival Act.  Target claims that in order to do so, the Trustees must open a probate estate.  Target also argues that the Successor Trustees must serve interested parties in accordance with Rule 25(a)(3).

     The Successor Trustees do not currently seek to amend the Complaint in this action to add a claim under the Illinois Survival Act, 755 ILCS 5/27-6.  They only ask to be substituted in as the real parties in interest in this action after the death of the original plaintiff Joyce E. Carr, deceased (the Decedent).  The prospect that they might wish to add such a claim is not at issue at this time.

     The Successor Trustees, however, should comply with Rule 25(a)(3).  The Successor Trustee must serve in the manner required by Rule 4 their original Motion to Be Substituted as Real Parties in Interest (d/e 13) and the death certificate of the Decedent on non-parties who may have an interest in this action.  Non-parties with a possible interest would be all beneficiaries under the Trust and all persons who were entitled to inherit

from the Decedent on the date of her death under the Illinois Statute of Descent and Distribution, 755 ILCS 5/2-1 et seq.  These interested non-parties are entitled to notice and opportunity to respond to the Successor Trustees' request to be substituted in.  Rule 25(a)(3) requires such notice.

    THEREFORE, IT IS ORDERED:  The Motion to Alter or Amend Order Allowing Motion of Successors in Interest to Plaintiff to be Substituted as Real Parties in Interest for Plaintiff Pursuant to F.R.C.P. 25(a)(1) (d/e 14) is ALLOWED in part.  The Successor Trustees Jason Carr and Bruce Carr are directed to serve in accordance with the requirements of Rule 4 the beneficiaries of The (amended) Joyce E. Carr Living Trust dated March 7, 2005 and all individuals who are entitled to inherit from Joyce E. Carr, deceased, according to the Illinois Statute of Descent and Distribution, 755 ILCS 5/2-1 et seq. with the following documents: (1) a copy of the Motion of Successors in Interest to Plaintiff to be Substituted as Real Parties in Interest for Plaintiff Pursuant to F.R.C.P. 25 (d/e 13); (2) a copy of the death certificate for Joyce E. Carr, deceased; and (3) a copy of this Opinion.  The Successor Trustees shall complete such service by March 15, 2019, and file appropriate proofs of service.  The parties so served shall file any objection to the substitution of Jason Carr and Bruce Carr as

from the Decedent on the date of her death under the Illinois Statute of Descent and Distribution, 755 ILCS 5/2-1 et seq.  These interested non-parties are entitled to notice and opportunity to respond to the Successor Trustees' request to be substituted in.  Rule 25(a)(3) requires such notice.

    THEREFORE, IT IS ORDERED:  The Motion to Alter or Amend Order Allowing Motion of Successors in Interest to Plaintiff to be Substituted as Real Parties in Interest for Plaintiff Pursuant to F.R.C.P. 25(a)(1) (d/e 14) is ALLOWED in part.  The Successor Trustees Jason Carr and Bruce Carr are directed to serve in accordance with the requirements of Rule 4 the beneficiaries of The (amended) Joyce E. Carr Living Trust dated March 7, 2005 and all individuals who are entitled to inherit from Joyce E. Carr, deceased, according to the Illinois Statute of Descent and Distribution, 755 ILCS 5/2-1 et seq. with the following documents: (1) a copy of the Motion of Successors in Interest to Plaintiff to be Substituted as Real Parties in Interest for Plaintiff Pursuant to F.R.C.P. 25 (d/e 13); (2) a copy of the death certificate for Joyce E. Carr, deceased; and (3) a copy of this Opinion.  The Successor Trustees shall complete such service by March 15, 2019, and file appropriate proofs of service.  The parties so served shall file any objection to the substitution of Jason Carr and Bruce Carr as

plaintiffs by April 15, 2019. If any objections are filed, the Court will review such objections and take appropriate action at that time.

ENTER: February 27, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE