IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON CARR and BRUCE CARR, as successor trustees and personal representatives of JOYCE E. CARR, deceased, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  3:18-cv-03002-SEM-TSH |
| | ) | |
| TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

### JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT

COME NOW Defendant, TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation ("Defendant"), and Plaintiffs, JASON CARR and BRUCE CARR, as successor trustees and personal representatives of JOYCE E. CARR, deceased ("Plaintiffs"), by and through their respective undersigned attorneys, and for their Joint Motion for Approval of Proposed Settlement hereby request that this Court grant authority to Plaintiffs to compromise and settle all claims of any kind or nature whatsoever against Defendant arising out of the injuries and or death of JOYCE E. CARR, deceased, including but not limited to claims of negligence and wrongful death asserted by Plaintiffs against Defendant on the terms and conditions set forth in this Joint Motion and more specifically indicated in the Affidavit of Plaintiffs' Counsel attached hereto and incorporated herein by reference as Exhibit "A", and in support hereof Plaintiffs and Defendant

state the following:

1.     That Plaintiffs filed a Complaint as Co-Guardians of JOYCE E. CARR alleging actions against Defendant for injuries allegedly sustained by JOYCE E. CARR as a consequence of an incident that occurred at a store owned and operated by Defendant on November 4, 2015 in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. That state court action filed by Plaintiffs was subsequently removed by Defendants to this Court. [Doc. No. 1]

2.     Thereafter, Defendant filed an Answer and Affirmative Defenses to the Plaintiffs' Complaint denying the claims asserted by Plaintiffs. [Doc. No. 4]

3.     That on October 25, 2018, JOYCE E. CARR died in Scott County, Illinois.

4.     That on November 6, 2018, Defendant filed a Suggestion of Death. [Doc. No. 10]

5.     That as a consequence of the passing of JOYCE E. CARR, Plaintiffs as Co-Guardians of JOYCE E. CARR, filed a Motion of Successors in Interest and requested that Plaintiffs be substituted as real parties in interest for Plaintiffs as Co-Guardians pursuant to F.R.C.P. 25 [Doc. No. 13]. Plaintiffs' Motion was granted by this Court in its Text Order of February 8, 2019; and subsequently amended in part as set forth in the Opinion of this Court entered on February 27, 2019.

6.     In its Opinion, the Court ordered Plaintiffs to serve Vickie Sue Garcia Joseph as required under F.R.C.P. 4; and further ordered Plaintiffs to file a Certificate of Service verifying service on Vickie Sue Garcia Joseph. Thereafter, Plaintiffs filed the Certificate of Service affirming service on Vickie Sue Garcia Joseph. [Doc. No. 17]

7.      Thereafter, at the request of former counsel for Defendant, counsel for Plaintiffs prepared and secured an executed Acknowledgement and Consent signed by Vickie Sue Garcia Joseph, a copy of which is attached hereto and incorporated herein by reference as Exhibit "B".

8.      That by agreement of the parties, Plaintiffs and Defendant participated in a mediation conference; and during the course of the mediation conference, the parties reached an agreement to resolve all pending issues and asserted claims in this cause on terms and conditions agreed to among Plaintiffs and Defendant and their respective counsel. Plaintiffs attended the mediation conference in person; and each of them reached an agreement with the assistance of Plaintiffs' counsel to settle all claims of every kind and nature whatsoever arising out of the allegations set forth in Plaintiffs' Complaint, including asserted claims against Defendant under the Illinois Survival Act, 755 ILCS 5/27-6 *et seq.*, for common law negligence and the Illinois Wrongful Death Act, 740 ILCS 180/2 *et seq.,* in exchange of the consideration and the terms agreed to between the parties.

9.      That during the course of the mediation, Plaintiffs agreed to a proposed allocation of the settlement proceeds of ninety-five percent (95%) of the settlement proceeds being allocated to the personal injuries and damages asserted for the period from November 4, 2015 to the date of Joyce E. Carr's passing on October 25, 2018; and five percent (5%) of the settlement proceeds being allocated to the wrongful death action and distributable to the next of kin in accordance with the factors considered under the provisions of the Illinois Wrongful Death Act.

10.     That in accordance with the provisions of the Last Will and Testament of Joyce E. Carr; and in accordance with the Acknowledgement and Consent executed by Vickie Sue Garcia Joseph, Plaintiffs agreed to distribute all of the personal injury proceeds of the settlement in

accordance with the terms and provisions of the Last Will and Testament of Joyce E. Carr.

Additionally, Plaintiffs agreed to allocate the proceeds of the settlement allocated to the wrongful

death claim based on an agreed apportionment of forty-five percent (45%) of the allotted

wrongful death proceeds going to Jason Carr; forty-five percent (45%) of the allotted wrongful

death proceeds going to Bruce Carr; and ten percent (10%) of the allotted wrongful death

proceeds going to Vickie Sue Garcia Joseph, less each person's respective share of the attorneys'

fees and expenses of litigation incurred; and as agreed between Plaintiffs and counsel for

Plaintiffs in the representation agreement.

11.    In the event that this Court requires that Plaintiffs and Defendant disclose the

exact terms of the agreed settlement for approval of the same, then the parties would request

that counsel for the parties be allowed to disclose the specific terms to this Court *in camera*

because the terms of the settlement include a confidentiality and non-disclosure covenant.

12.    No specific allocation of the proceeds of the settlement was made by

Defendant; and Plaintiffs have agreed to the allocation percentages set forth herein without

regard to any allocation requirement proposed by Defendant.

13.    That Plaintiffs submit that it is in the best interest of the Plaintiffs as the

personal representatives and the successor trustees of Joyce E. Carr, deceased, to

compromise, settle and conclude the claims alleged by Plaintiffs against Defendant on the

terms and conditions proposed in the parties' settlement agreement. Plaintiffs further submit

that the offer of settlement and the exchange of the consideration and covenants set forth

therein are fair and reasonable; and were agreed to by arms-length negotiations in good faith.

14.    The settlement agreement will release Defendant and its directors, officers,

agents and employees from any and all claims of any kind or nature whatsoever, including

4

under the Illinois Wrongful Death Act, the Illinois Survival Act, at common law and with respect to any and all state and federal laws.

15.     That on July 25, 2019, the Circuit Court of the Seventh Judicial Circuit, County of Scott, State of Illinois entered an Order Admitting the Last Will and Testament of Joyce E. Carr, deceased, to Probate; and appointing Jason Carr and Bruce Carr as independent personal representatives of the Estate of Joyce E. Carr. (A copy of said Order is attached hereto and incorporated herein by reference as Exhibit "C").

16.     That on July 25, 2019, the Circuit Court of the Seventh Judicial Circuit, County of Scott, State of Illinois, entered an Order Finding Heirship of Joyce E. Carr. (A copy of said Order is attached hereto and incorporated herein by reference as Exhibit "D").

17.     That in conjunction with the filing of this Joint Motion, the parties have submitted a Memorandum in Support of the Joint Motion to Approve Proposed Settlement for consideration of this Court regarding and relating to the parties' request for approval of the settlement and allocation of the settlement as prayed for herein.

WHEREFORE,  on  the  basis  of  the  foregoing,  Defendant,  TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation and Plaintiffs, JASON CARR and BRUCE CARR, as successor trustees and personal representatives of JOYCE E. CARR, deceased, by and through their respective undersigned attorneys, hereby pray that this Court grant the parties' Joint Motion for Approval of Proposed Settlement and further

pray for such other and further relief as this Court deems equitable and proper.

Respectfully submitted,

**JASON CARR and BRUCE CARR, as successor trustees and personal representatives of the Estate of JOYCE E. CARR, deceased, and in the individual capacities as surviving sons of JOYCE E. CARR, deceased.**

Respectfully submitted,

COSTIGAN & WOLLRAB, P.C.

/s/ **Dawn L. Wall**
By: _____
Dawn L. Wall, #6196948
308 E. Washington Street
Bloomington, IL 61701
(309) 828-4310 Telephone
(309) 828-4325 Facsimile
dwall@cwlawoffice.com
**Attorney for Plaintiffs**

Respectfully submitted,

BOGGS, AVELLINO, LACH & BOGGS, L.L.C.

/s/ **Beth C. Boggs**
By: _____
Beth C. Boggs, #06208313
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court, Central District of Illinois, by using the Court's CM/ECF Electronic Filing System this 17th day of August, 2020, with an electronic copy to be served by operation of the Court's electronic filing system upon the following:

Dawn L. Wall, #6196948
308 E. Washington Street
Bloomington, IL 61701
(309) 828-4310 Telephone
(309) 828-4325 Facsimile
dwall@cwlawoffice.com
**Attorney for Plaintiffs**

Beth C. Boggs, #06208313
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Defendant**

Vickie Sue Garcia Joseph
4701 Park Downs Dr.
Ft. Worth, Texas 76137
hsixfam@gmail.com

**/s/ Dawn L. Wall**

_____

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JASON CARR and BRUCE CARR, as )
successor trustees and personal )
representatives of )
JOYCE E. CARR, deceased, )
)
      Plaintiffs, )
)
v. )     Case No.: 3:18-cv-03002-SEM-TSH
)
TARGET CORPORATION, a/k/a )
TARGET STORES, a foreign corporation, )
)
      Defendant. )

<u>AFFIDAVIT</u>

STATE OF ILLINOIS    )
        SS        )
COUNTY OF MCLEAN   )

    I, the undersigned affiant, Dawn L. Wall, being first duly sworn and upon my oath

state the following as my affidavit in this cause:

    1.     That I am over the age of eighteen years and under no legal disability.

    2.     That I am counsel of record for the Plaintiffs, JASON CARR and BRUCE CARR,

as successor trustees and personal representatives of JOYCE E. CARR, deceased.

    3.     That I have been counsel of record for Plaintiffs since the commencement of the

proceedings in this cause.

    4.     That as counsel for Plaintiffs, I have conducted an extensive investigation;

including conducting formal discovery of the alleged claims of the Plaintiffs and the facts and

circumstances related thereto.

5.      That on behalf of the Plaintiffs, I attended the mediation conference; and during the course of the mediation conference, I advised Plaintiffs with respect to the matters in controversy among the parties and the proposed offer of settlement.

6.      That during the course of the mediation, Plaintiffs and Defendant, with the advice and assistance of counsel for the parties and the mediator, reached a proposed settlement of all matters and issues in controversy among the parties; which proposed settlement was contingent upon securing approval of the settlement from the Court.

7.      That as counsel for Plaintiffs, I am familiar with the pleadings and Orders entered by the Circuit Court of the Seventh Judicial Circuit, Scott County, Illinois; and I am familiar with the terms of the Last Will and Testament of Joyce E. Carr, deceased.

8.      That during the course of the mediation, Plaintiffs and counsel for Plaintiffs reached an agreement with respect to the proposed allocation of the proceeds of the settlement allocated to the personal injuries and damages incurred by Joyce E. Carr during the period from November 4, 2015 and to October 25, 2018; and Plaintiffs, after conferment with counsel for Plaintiffs, agreed to the proposed allocation of ninety-five percent (95%) of the settlement proceeds being allocated to the personal injuries and damages of Joyce E. Carr; and further agreed to the allocation of five percent (5%) of the settlement proceeds being allocated to the wrongful death claim.

9.      That I am familiar with the injuries and damages claimed by Plaintiffs against Defendant as a consequence of the asserted injuries sustained by Joyce E. Carr on November 4, 2015; and I can attest that an allocation of ninety-five percent (95%) of the settlement proceeds to the personal injuries and damages sustained by Joyce E. Carr is appropriate based on the evidence elicited during discovery, and based on my legal experience handling negligence

2

actions for personal injuries and survival actions and wrongful death actions.

10.     In addition, Plaintiffs agreed that an appropriate allocation of the proceeds of the wrongful death portion of the settlement distributable to the next of kin of Joyce E. Carr should be distributed among the next of kin of Joyce E. Carr in relation to the extent of the loss of companionship incurred by each of the next of kin, together with consideration of the other relevant factors set forth in the Wrongful Death Act; and having given consideration to the foregoing, it was determined that the allocation should be as follows:

| | |
|---|---|
| Jason Carr | Forty-Five Percent (45%) |
| Bruce Carr | Forty-Five Percent (45%) |
| Vickie Sue Garcia Joseph | Ten Percent (10%) |

11.     That as counsel for Plaintiffs, I have familiarized myself with the facts and relevant considerations with respect to the dependency, loss of society and companionship and related factors for consideration in determining the appropriate allocation under the applicable provisions of the Illinois Wrongful Death Act; and it is my belief that the allocation set forth in paragraph 10 is fair and reasonable in light of the matters I have investigated herein.

12.     Additionally, I have conferred with Vickie Sue Garcia Joseph regarding the pending claims alleged by Plaintiffs against Defendant; and as evidenced by the Acknowledgement and Consent executed by her on August 19, 2019, she is accepting of the allocations proposed by the Plaintiffs to this Court.

13.     That as counsel for Plaintiffs, I would recommend approval of the proposed settlement agreement reached among Plaintiffs and Defendant; and would further recommend approval of the allocations and distributions set forth in the parties' Joint Motion for Approval of Proposed Settlement and more specifically set forth in this Affidavit.

3

13.    That if called to testify to the matters set forth herein, I could testify competently to the facts set forth herein.

FURTHER AFFIANT SAYETH NOT.

_____
Dawn L. Wall

Subscribed and Sworn to before me

This *13* day of August, 2020.

_____
Notary Public

```
OFFICIAL SEAL
REANN GIBSON
Notary Public, State of Illinois
My Commission Expires 05/14/2021
```

Affidavit Prepared by:
Ms. Dawn L. Wall
ARDC No. 6196948
Costigan & Wollrab, P.C.
308 E. Washington St.
Bloomington, IL 61701
(309) 828-4310
dwall@cwlawoffice.com

4

EXHIBIT "B"

## ACKNOWLEDGEMENT AND CONSENT

Now comes the undersigned, Vickie Sue Garcia Joseph, and for her Acknowledgement and Consent hereby states the following:

That I am the daughter of Joyce E. Carr, deceased; and the sister of Jason Carr and Bruce Carr.

That I am aware that there is pending in the United States District Court for the Central District of Illinois an action filed on behalf of Joyce E. Carr against Target Corporation in Case No. 18-CV-3002 (hereafter referred to as "The Case").

That I am aware that The Case was initially filed by Jason Carr and Bruce Carr as the guardians of Joyce E. Carr, and then subsequent to Joyce E. Carr's death, Jason Carr and Bruce Carr were allowed to substitute as the successors and real parties in interest as plaintiffs in The Case.

That I consent to Jason Carr and Bruce Carr acting as the successors and real parties in interest as plaintiffs in The Case.

Additionally, I consent to Jason Carr and Bruce Carr making all decisions and determinations with respect to the pursuit of all actions, claims, demands and damages of any kind or nature whatsoever in The Case.

I further acknowledge and understand that Letters of Office have been issued to Jason Carr and Bruce Carr in the estate proceeding pending in the Circuit Court of the Seventh Judicial Circuit, Scott County, Illinois in Cause No. 19-P-10 (hereafter referred to herein as "The Probate Proceeding"); and I have received copies of the Letters of Office issued to Jason Carr and Bruce Carr.

3:18-cv-03002-SEM-TSH   # 33   Filed: 08/17/20   Page 15 of 19

That I consent and agree that Jason Carr and Bruce Carr have the full authority to make all decisions with respect to the handling and prosecution of The Case; and in particular, I consent and agree that Jason Carr and Bruce Carr have my full consent to grant each of them the full authority to agree to participate in a mediation and or settlement conference and to decide all matters relating to the settlement and or trial of The Case.

That I understand and agree that any portion of an award or settlement received in The Case representing any claimed losses or damages for the wrongful death of Joyce E. Carr will be divided among the heirs of Joyce E. Carr as determined and recommended by Bruce Carr and Jason Carr as the personal representatives appointed in The Probate Proceeding; and I acknowledge, consent and agree that I will adhere to and accept the division of proceeds as determined and recommended by Bruce Carr and Jason Carr as personal representatives appointed in the Probate Proceeding with respect to all matters undertaken by Bruce Carr and Jason Carr in prosecuting all claims, demands and causes of action in The Case by way of settlement, mediation, trial or otherwise.

That by signing this Acknowledgement and Consent, I attest and consent to the foregoing, and I voluntarily consent and agree to have Bruce Carr and Jason Carr represent my interests, of whatsoever kind or nature I may have in the claims prosecuted by Bruce Carr and Jason Carr in The Case, in all respects and in all manner necessary in order to prosecute, proceed and conclude the matters alleged in The Case.

Dated this _____ day of August, 2019

_____
Vickie Sue Joseph

EXHIBIT "C"


**COPY**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF SCOTT

IN THE MATTER OF THE ESTATE OF )   2019P10
                          )
JOYCE E. CARR,             )   No. 19-P-___
                          )
    Deceased.            )

**FILED**

JUL 25 2019

_Shri Evans_
SCOTT COUNTY CIRCUIT CLERK

## ORDER ADMITTING WILL TO PROBATE AND APPOINTING EXECUTORS

This cause comes on for hearing upon the Verified Petition of Jason Carr for the Probate of the Will of JOYCE E. CARR, deceased, dated October 16, 2002; and the Court being sufficiently advised finds:

1.  JOYCE E. CARR died a resident of Winchester, Scott, County, Illinois on October 25, 2018.

2.  Lisa Shepherd, and Joan Kellerman, as subscribing witnesses to said Will, signed a proper attestation clause which is part of said Will and this is sufficient to prove the Will under Section 6-4 of the Probate Act.

3.  The petition is in all other respects in conformance with the Probate Act, and the Will should be admitted to Probate.

IT IS THEREFORE ORDERED as follows:

A.  The Will of JOYCE E. CARR, dated October 16, 2002 is admitted to Probate.

B.  JASON CARR and BRUCE CARR, the co-executors named in the Will, are appointed as the independent legal representatives and Letters Testamentary shall issue to each of them upon the filing of their respective bonds without surety in the amount of $1,000.00 each and the filing of their respective executed Oaths of Office.

ENTERED this ___25th___ day of July, 2019.

_____
Circuit Judge

Prepared by:
Dawn L. Wall
ARDC NO. 6196948
Costigan & Wollrab, P.C.
308 East Washington Street
Bloomington, IL  61702-3127
Phone (309) 828-4310
dwall@cwlawoffice.com

EXHIBIT "D"



STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF SCOTT

IN THE MATTER OF THE ESTATE OF )         2019P10         **FILED**

JOYCE E. CARR, )         No. 19-P-___

Deceased. )                                  JUL 2 5 2019

**ORDER FINDING HEIRSHIP**              *Staci Evans*
                                       SCOTT COUNTY CIRCUIT CLERK

On this day the Court has examined the Affidavit of Heirship of JASON CARR of Downs,

Illinois, which is on file herein and being sufficiently advised finds that JOYCE E. CARR departed this

life testate on October 25, 2018 leaving her

| Name | Address | Relationship |
|---|---|---|
| Jason Carr | 22621 E. 900 North Rd. Downs, IL 61736 | Son |
| Bruce Carr | 855 Blackburn Lake Dr. Winchester, IL 62694 | Son |
| Vickie Sue Joseph | 4701 Park Downs Dr. Fort Worth, TX 76137 | Daughter |

as her only heirs at law.

It is therefore ordered, adjudged, and decreed by the Court that said JOYCE E. CARR at her

death as aforesaid left surviving her heirs as above found and declared.

ENTERED this 25th day of July, 2019.

_____
Circuit Judge

Prepared by:
Dawn L. Wall
ARDC NO. 6196948
Costigan & Wollrab, P.C.
308 East Washington Street
Bloomington, IL 61702-3127
Phone (309) 828-4310
dwall@cwlawoffice.com