IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON CARR and BRUCE CARR, as successor trustees and personal representatives of JOYCE E. CARR, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:18-cv-03002-SEM-TSH |
| TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT

COME NOW Defendant, TARGET CORPORATION, a/k/a TARGET STORES, a foreign corporation ("Target"), and Plaintiffs, JASON CARR and BRUCE CARR, as successor trustees and personal representatives of JOYCE E. CARR, deceased ("Plaintiffs"), by and through their respective undersigned attorneys, and submit this memorandum in support of their Joint Motion for Approval of Proposed Settlement:

This cause involves Plaintiffs' claim of negligence against Target arising from Joyce E. Carr's fall inside a Target store in Springfield, Illinois, which occurred on or about November 4, 2015. Plaintiffs allege that the deceased, Joyce E. Carr ("Ms. Carr"), was struck by a motorized piece of equipment being operated by a Target employee and fell, and that said fall caused Ms. Carr's dementia (or exacerbated it to the point where it became symptomatic), eventually contributing to her death.

Plaintiffs, with the assistance of counsel, have fully investigated the facts and circumstances with respect to said occurrence and death of Ms. Carr. Plaintiffs and Target have

decided to resolve this dispute through a monetary settlement, subject to the approval of this Court, which is not intended as an admission of liability on the part of Target, but is intended merely to buy peace and to avoid litigation.

Plaintiffs' settlement with Target is mutually intended by the parties to be a global settlement of any and claims arising from the occurrence, including any and all personal injury claims of the decedent, as well as any and all wrongful death claims by all parties in interest. In an effort to effectuate the settlement pursuant to applicable law, and as a condition of settlement, Plaintiffs and Target seek this Court's approval of the settlement agreement and release of claims as fair and reasonable under the circumstances and made in good faith. Furthermore, Plaintiffs and Target seek approval from this Court of the Plaintiffs' proposed allocation of the settlement proceeds among the personal injury claims and the wrongful death claims, and approval from this Court of the Plaintiffs' proposed apportionment of the proceeds allocated to the wrongful death claims among Ms. Carr's next of kin as required under the Illinois Wrongful Death Act; and as agreed to among Ms. Carr's next of kin: Jason Carr, Bruce Carr and Vickie Sue Garcia Joseph.

Section 19-8 of the Illinois Probate Act provides that, by leave of court, without notice or upon such notice as the court directs, a representative may compound or compromise any claim or interest of the decedent in any personal estate upon such terms as the court directs. 755 ILCS 5/19-8. This statute states more fully as follows:

> § 19-8. Compounding, compromising or exchanging personal estate. By leave of court without notice or upon such notice as the court directs, a representative may compound or compromise any claim or any interest of the ward or the decedent in any personal estate or exchange any claim or any interest in personal estate for other claims or personal estate upon such terms as the court directs. 755 ILCS 5/19-8.

If the compromise or settlement of a decedent's claims is not approved by the court in accordance with Section 19-8, the compromise or settlement is unenforceable and subject to

collateral attack. *See Villalobos v. Cicero School Dist. 99*, 362 Ill. App. 3d 704, 713-714 (Ill. App. Ct. 2005) (finding the settlement by a parent of a ward's claims without court approval under 755 ILCS 5/19-8 unenforceable) (first citing *Smith v. Smith*, 358 Ill. App. 3d 790, 793 (Ill. App. Ct. 2005); and then citing *Mastroianni v. Curtis*, 78 Ill. App. 3d 97, 100 (Ill. App. Ct. 1979)).

Furthermore, Section 2 of the Illinois Wrongful Death Act prescribes certain requirements applicable to Plaintiffs' wrongful death claims that also require this Court's intervention and determination. The applicable provisions state as follows:

> § 2 (b) The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person.
>
> \*\*\*
>
> § 2 (i) The trial judge shall conduct a hearing to determine the degree of dependency of each beneficiary upon the decedent. The trial judge shall calculate the amount of damages to be awarded each beneficiary, taking into account any reduction arising from either the decedent's or the beneficiary's contributory fault.

740 ILCS 180/2.

Based on the foregoing, Plaintiffs and Target seek an Order from this Court approving the particular allocation of settlement proceeds among the personal injury action and the wrongful death action; and the particular allocation of the wrongful death proceeds among the next of kin of Mrs. Carr in accordance with Plaintiffs' proposed allocations; and as specifically indicated in the Affidavit of Plaintiffs' Counsel attached to the Joint Motion for Approval of Settlement as Exhibit "A"; and further pray for approval of the parties' Joint Motion for Approval of Proposed Settlement.

WHEREFORE, Plaintiffs and Target respectfully request that this Court enter its Order and Judgment Approving Settlement with Target and further order Plaintiffs to:

(1) Collect and acknowledge receipt of the payment;

(2) Acknowledge satisfaction of the payment;

(3) File an appropriate Stipulation of Dismissal with Prejudice as to the above-captioned case against Defendant Target;

(4) Distribute the settlement proceeds to the persons entitled to share in the proceeds as agreed upon and as set forth in the Affidavit of Plaintiffs' Counsel submitted to this Court;

(5) Execute the proposed release;

(6) Pay all costs and expenses of recovery of Plaintiffs and the next of kind of Ms. Carr;

and

(7) File a Report and account therefore to the Court.

Respectfully submitted,

**JASON CARR and BRUCE CARR, as successor trustees and personal representatives of the Estate of JOYCE E. CARR, deceased, and in the individual capacities as surviving sons of JOYCE E. CARR, deceased.**

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| COSTIGAN & WOLLRAB, P.C. | BOGGS, AVELLINO, LACH & BOGGS, L.L.C. |
| /s/ **Dawn L. Wall** | /s/ **Beth C. Boggs** |
| By: _____ | By: _____ |
| Dawn L. Wall, #6196948 | Beth C. Boggs, #06208313 |
| 308 E. Washington Street | 9326 Olive Blvd., Suite 200 |
| Bloomington, IL 61701 | St. Louis, MO 63132 |
| (309) 828-4310 Telephone | (314) 726-2310 Telephone |
| (309) 828-4325 Facsimile | (314) 726-2360 Facsimile |
| dwall@cwlawoffice.com | bboggs@balblawyers.com |
| **Attorney for Plaintiffs** | **Attorneys for Defendant** |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court, Central District of Illinois, by using the Court's CM/ECF Electronic Filing System this 17th day of August, 2020, with an electronic copy to be served by operation of the Court's electronic filing system upon the following counsel of record and by regular mail and electronic mail to Vickie Sue Garcia Joseph:

Dawn L. Wall, #6196948
308 E. Washington Street
Bloomington, IL 61701
(309) 828-4310 Telephone
(309) 828-4325 Facsimile
dwall@cwlawoffice.com
**Attorney for Plaintiffs**

Beth C. Boggs, #06208313
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Defendant**

Vickie Sue Garcia Joseph
4701 Park Downs Drive
Ft. Worth, Texas 76137
hsixfam@gmail.com

/s/ **Dawn L. Wall**

_____